AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware _____

UNITED STATES OF AMERICA

V.

Brad Lee Derrickson
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR07-30-UNA

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- (1) There is probable cause to believe that the defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- (1) There is a serious risk that the defendant will not appear.
- X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
MAR 7 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by        clear and convincing evidence       a preponderance of the evidence: The court finds that there are no conditions that will reasonably assured the safety of the community. Defendant is charged with dowloading and receipt of child pornography, possession of child porn and receipt of obscene pictures of children. The basis for detention is as follows:

1. The charges defendant faces recently were established by Congress as subject to the rebuttable presumption.
2. The evidence against defendant is substantial. Although a search of defendant's home occurred in August 2006 and defendant was cooperative with the investigating and subsequent arresting officers, his computer contains very graphic and dark pictures of children involved in various sex acts. In his interview defendant claimed that young girls around age fourteen hold his interest (because that was a good year in his life– when he was happiest), however, the computer films belie that comment. Most of the films deal with children between the ages of 1 to 5 years. Eleven minutes of the films show children blindfold and being forced to engage in sexual activity with adults which include oral sex with a child less than 2 years of age, forced penetration of 3-4 your olds of their anal and vaginal areas by adult males with evidence of fear, writhing and pain by the children during the sex acts. The descriptions of the sexual activity was the worst that this court has ever heard or read. no obscened.
3. Shortly after the search warrant was issued, defendant, who had been living with his parents, moved out and began residing with a co worker who is also a registered sex offender (defendant claims that he did not know this).
4. Defendant suffers from depression in the past and had undergone treatment which he stopped despite the fact that he was still covered by his father's insurance until January 2007. Defendant stopped treatment at least 7 months ago and despite he awareness of the child porn investigation . against him, never continued with any treatment. Evidence indicates that he never sought treatment for or discussed with his therapist his sexual proclivities. Further, defendant claimed that he stopped counseling and treatment because he could not afford it. This comment and his failure to continue any form of treatment, as well as not advising his doctor of his sexual proclivities strongly suggests to the court that he does not recognize his activities as dangerous or not acceptable. It also shows that he is attempting to hide or down play his problems and that his honesty is questionable.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

Defendant has no significant criminal history (disorderly conduct in 1998 is his only charge or conviction); the dark nature of the films which defendant purchased and his obvious inability to recognize his need for treatment/counseling goes to the issue of dangerousness. Defendant has family support as evidenced by those members who were in the courtroom (parents and uncle), but their attempts to assist defendant in the recent past have not been successful, which is not their fault, but the responsibility of defendant. The court also doubts that the family was aware of the serious psychological problems, in addition to depression, that defendant has.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| March 6, 2007 | _[signature]_ |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).