March 29, 2007

Edmond Falgowski
U.S. Attorney's Office
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899

**Re:  Request for Discovery**
      <u>United State v. Derrickson</u>

Dear Corky:

As you know, I represent the above Defendant in the above-referenced matter. Pursuant to Federal Rule of Criminal Procedure 16, <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), I request that you provide me with the following discovery. I note here that you have already graciously supplied me with many reports, and where this request again asks for information you have previously supplied me informally, you need not again respond. Your indication that the requested information is contained in what has previously been supplied will suffice.

1.  The date, time and location of each and every alleged offense, including relevant conduct that is not mentioned in the counts in the indictment.

2.  Copies of any and all written statements, confessions, or admissions of the Defendant including transcripts of recorded statements, indicating the date, time and locations where the statement was made and the names of the law enforcement agents and/or officers who were present.

3.  The substance of any oral statements made by the Defendant, including access to the original tape of any audio or video tape-recorded statement as well as photocopies of any handwritten notes taken by any law enforcement agent and/or officer present during the Defendant's giving of the oral statement, indicating the date, time and location of the oral statement and the agents and/or officers present, as well as that portion of any written record including any written reference which would provide some means for the prosecution and defense to

      identify the statements containing the substance of any relevant oral statement by the Defendant.

      a. Any copies of video surveillance of either Defendant in this case.

      b. Those portions of any pretrial statements and/or Grand Jury testimony of prospective Government witnesses which contain statements attributable to the Defendants, either declarations of the Defendant or vicarious declarations imputed to the Defendant under the Federal Rules of Evidence, e.g., statements of co-conspirators.

4. Information with respect to the prior federal and/or state arrest and conviction record of the Defendant, including specifically any prior convictions that would trigger enhanced or mandatory penalties or potential habitual offender status in the event of conviction on the pending charge.

5. Information on any other criminal charges or investigations now pending with respect to the Defendant.

6. Reports of physical or mental examinations of the Defendant by a physician, dentist psychiatrist or psychologist in regard to the Defendant.

7. Information regarding any identification procedures, any identifications made of the Defendant, any misidentification or failure to identify by any government witnesses.

8. Reports of any and all forensic or scientific tests with respect to this case or related investigation conducted by the police, medical examiner, FBI, DEA, SBI, prosecution or experts retained for those purposes. Especially, the Delaware State Police High Tech Crimes Unit that viewed and downloaded (if that is the correct term) the defendant's computer hard drive.

      a. A written summary of any expert testimony intended for use at trial pursuant to Federal Rules of Evidence 702, 703 or 705, which will include, but will not be limited to, the witness'(es') opinions, basis and reasons and qualifications.

9. A listing of and the opportunity to inspect all books, papers, documents, and any other physical evidence which were seized from the Defendant or which the Government intends to use against the Defendant at trial.

10. An opportunity to review all photographs, videotapes, audiotapes, any magnetic record tapes, maps, diagrams and charts in the possession of the government relating to either matter not previously requested above.

11. Copies of all applications for, returns from and affidavits in support of all search warrants (whether executed or inexactitude in this matter).

12. Copies of all arrest warrants in this matter, including supporting affidavits, and disclosures of the date, time, place, and arresting officer(s) with respect to any warrantless arrest.

13. Disclosure of any and all uses of a pen register (a dialed number recorder) and of interception of telephone communications and transcripts of communications.

14. Disclosure of the nature of any evidence, pursuant to Federal Rule of Evidence 404(b) which the Government intends to introduce at trial.

15. Disclosure of any criminal record/juvenile adjudication of prosecution witnesses in any jurisdiction consistent with No. 18 below.

16. Disclosure of the identity of any and all informants who participated in the investigation of this matter.

    a. Any drug or alcohol use by witnesses and/or informants;

    b. Any drug/alcohol use by witnesses and/or informants at the time of the incident(s) charged and thereafter;

    c. Any information that any prosecution witness suffers from mental illness.

17. Disclosure of any and all agreements (benefits, promises or statement that a benefit would not be provided without cooperation) in any form, between any agent of the Government and any witnesses, accessory, principal or accomplice (whether charged or not), including whether such individual has been or will be promised transactional or use immunity from prosecution or any other consideration in return for testimony.

18. Disclosure of statements, interviews, reports or other information relating to the credibility of any prosecution witness, including but not limited to inconsistent statements, reports, prior testimony, evidence of bad character and specific acts of dishonesty admissible, not only for conventional impeachment, but also under Federal Rule of Evidence 806.

    a. All handwritten notes of Government agents with respect to interviews conducted in this investigation including, but not limited to the handwritten notes prepared by agents who interviewed the Defendant as requested in paragraph No. 2 of this discovery request.

19. An opportunity, pursuant to Jencks v. U.S., 353 U.S. 657 (1957), to review reports and statements, whether written or recorded, made by persons who will

      testify at trial, regardless of whether the individual will use the statement or report to prepare the examination. (I would appreciate it if you would share this information with me prior to trial in order to avoid delay prior to cross-examination.)

20. Disclosures of any and all exculpatory information, evidence or witnesses known to the Government or any Government agent, including any such information which is favorable or significant to the defense or which might create a reasonable doubt as to guilt. See <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), U.S. v. Agurs, 427 U.S. 97 (1976).

Thank you for your cooperation.

                                       Very truly yours,


                                       James E. Liguori

JEL/mkk

cc:    Clerk of U.S. District Court